# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Mr. Willie Boone, ) | CASE NO. 1:11 CV 2286 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| Barack H. Obama, ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

*Pro se* Plaintiff Willie Boone filed this action against Defendant President Barack Obama under the Crime Victim Rights Act, 42 U.S.C. § 1983, the Rehabilitation Act, the Declaratory Judgment Act, and the Whistle Blowers Protection Act. In the Complaint, Plaintiff claims he invented two cars and "massive synthetic fuel" worth $600 trillion. He requests that the President devise a plan to pay him for his fuel and his cars, provide him with protection, and secure land outside of the United States for him and all dark-skinned African Americans.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 2). That Application is **granted**. He also filed a Motion to Seal the Case (Doc. 3). In support of his Motion, he states that "this is a massive U.S. national security case where Boone could get killed for disruptive help of America's $14.3 trillion debt." (Doc. 3 at 1) The Court finds nothing in the

Complaint or the Motion that indicates the case should be sealed.  The Motion is **denied**.

### BACKGROUND

Mr. Boone's Complaint is a bit disjointed.  He alleges that President Obama gave "trillions of dollars to Pakistan $700B/Palestine $600M while my poor white/black friends die in hurt.  My syn fuel massively ignored!"  (Doc. 1 at 1)  He claims President Obama called him and wrote to him asking for help.  He contends the President had a meeting in Cleveland that was closed to him.  He states he has written to all United States Presidents since President Carter concerning synthetic fuel he invented.  None of his letters have received the desired response. He indicates he has also invented two cars which, combined together with his synthetic fuel, are valued at $600 trillion.  He contends the sale of these items could pay the national debt.  Mr. Boone then states "nasty people fire bombed [his] house" because some African American people do not like very dark-skinned African Americans.  (Doc. 1 at 2).  He believes he is in danger and alleges some guns are sold in Cleveland for $20.00.  Mr. Boone asserts he has a clear right to relief because former President Clinton lied to him and almost got him killed.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*,

---

[1]   An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### **ANALYSIS**

Plaintiff does not provide a viable legal basis for this action. He cites several federal statutes; however, none of them have any reasonable connection to either the President of the United States or to the allegations in the Complaint. Principles requiring generous construction

---

reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* Plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Even liberally construed, the Complaint does not sufficiently state a viable claim against President Barack Obama.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted, his Motion to Seal the Case (Doc. 3) is denied and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 11/15/11  United States District Judge